DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant-appellant Anthony Coates appeals the decision rendered in the Summit County Court of Common Pleas determining him to be a sexual predator. We affirm.
On February 28, 1996, Coates pled guilty to a host of violent crimes and rapes. Coates was sentenced on April 2, 1997. On April 15, 1997, following a hearing, Coates was adjudicated to be a sexual predator. Coates appeals that designation, assigning one error, which states:
 THE TRIAL COURT ERRED IN FINDING DEFENDANT A SEXUAL PREDATOR AS R.C. 2950 VIOLATES OHIO AND FEDERAL CONSTITUTIONAL LAW AS IT IS RETROACTIVELY APPLIED IN VIOLATION OF THE EX POST FACTO CLAUSE OF THE OHIO AND FEDERAL CONSTITUTIONS.
Coates argues that in determining that he is a sexual predator on the basis of crimes he committed prior to January 1, 1997, the effective date for Ohio's sexual predator statute,[1] the trial court violated Article I, Section 10 of the Federal Constitution, which provides that "[n]o State shall * * * pass any * * * ex post facto Law," and Article II, Section 28 of the Ohio Constitution, which provides that "[t]he general assembly shall have no power to pass retroactive laws." We overrule Coates' assignment of error on the authority of State v. Kimble (Feb. 4, 1998), Lorain App. No. 97CA006730, unreported, at 5-12.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ WILLIAM R. BAIRD, FOR THE COURT
SLABY, P. J.
DICKINSON, J., CONCUR
[1] A comprehensive discussion of the workings of the sexual predator statute, R.C. Chapter 2950, is contained in State v.Kimble (Feb. 4, 1998), Lorain App. No. 97CA006730, unreported.